Brooks R. Brown (SBN 250724)
*bbrown@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, CA 90067
Tel.: 310.788.5100
Fax: 310.286.0992

Robert B. Bader (SBN 233165)
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415.733.6000
Fax: 415.671.9041

Attorneys for Defendant
*Countrywide Home Loans, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BERTHA ROMERO; JAMES RUIZ; MARGARITA CASTRO; TERESA AGUILERA; GILBERT GOMEZ; and EDWARD TENORIO and DONNA TENORIO individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>COUNTRYWIDE HOME LOANS, INC.; and Does 7 through 10 inclusive,<br><br>        Defendants. | Case No. C-07-04491 JF RS<br><br>**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        December 17, 2010<br>Time:       9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:     Hon. Jeremy Fogel<br><br>Filed/Lodged Herewith:<br><br>1. Appendix of Westlaw Cases/Slip Opinions<br>2. [Proposed] Order |

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION TO DISMISS. .......................................................................... iv

STATEMENT OF ISSUES TO BE DECIDED. ......................................................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES. ......................................................................... 1

INTRODUCTION. ........................................................................................................................... 1

PROCEDURAL HISTORY. ............................................................................................................. 2

FACTUAL ALLEGATIONS. ............................................................................................................ 3

ARGUMENT.... . ........................................................................................................................... 3

I.    THE MOTION TO DISMISS STANDARD. ................................................................................ 3

II.   THE FAC IS DEVOID OF THE REQUISITE FACTUAL ALLEGAITONS TO PLEAD A
      COGNIZABLE CLAIM AGAINST CHL FOR FIRST MAGNUS'S PURPORTED IMPROPER
      LOAN ORIGINATION CONDUCT. ...................................................................................... 4

      A.    PLAINTIFFS' SUBSEQUENT PURCHASER AND/OR ASSIGNEE ALLEGATIONS
            REMAIN DEFECTIVE. ................................................................................................ 5

      B.    PLAINTIFF'S SELECTION, PRE-APPROVED AND/OR DRAFTING ALLEGATIONS
            REMAIN DEFECTIVE. ................................................................................................ 6

      C.    PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT
            AN AIDING AND ABETTING THEORY AGAINST CHL. ................................................. 7

      D.    PLAINTIFFS' PARTIAL/MISLEADING REPRESENTATIONS ALLEGATIONS ARE
            INSUFFICIENT TO SALVAGE THEIR CLAIMS. ........................................................... 10

III.  PLAINTIFFS' UCL CLAIMS MUST BE DISMISSED. ................................................................. 10

IV.   THE TENORIOS' FRAUDULENT OMISSIONS CLAIM IS TIME-BARRED. ................................. 12

CONCLUSION ............................................................................................................................ 12

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN SUPPORT - Case No. C-07-04491 JW RS

1

## TABLE OF AUTHORITIES

2

**CASES**                                                                        **PAGE**

3

4
*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ........................................................................................ 1, 4

5

6
*Batdorf v. TransUnion,*
   No. C 00-0501 CRB, 2000 WL 635455 (N.D. Cal. May 8, 2000) .......................... iv

7
*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................. 1, 4

8

9
*Casey v. U.S. Bank National Assn.,*
   127 Cal. App. 4th 1138 (2005)....................................................................... 8, 9, 10

10

11
*Citizens of Humanity, LLC v. Costco Wholesale Corp.,*
   171 Cal. App. 4th 1 (2009).......................................................................................13

12
*Diessner v. Mortgage Elec. Registration Sys.,*
   618 F. Supp. 2d 1184 (D. Ariz. 2009) .....................................................................11

13

14
*Gutierrez v. Ocwen Loan Servicing, LLC,*
   No. 09-163, 2009 WL 426606 (E.D. Cal. Feb. 20, 2009) ........................................14

15

16
*In re First Alliance Mortg. Comp.,*
   471 F.3d 977 (9th Cir. 2006).....................................................................................8

17
*In re Software Toolworks, Inc. Securities Litig.,*
   No. C-90-2906 FMS, 1991 WL 319033 (N.D. Cal. June 17, 1991) .......................11

18

19
*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009).......................................................................... 11, 13

20

21
*LiMandri v. Judkins,*
   52 Cal. App. 4th 326 (1997)....................................................................................12

22
*Love v. First Mortg. Corp.,*
   No. 08-0060 AG (CTx), slip op. (C.D. Cal. July 30, 2009) ......................................2

23

24
*Love v. First Mortg. Corp.,*
   No. 08-0060 AG (CTx), slip op. (C.D. Cal. Dec. 14, 2009) .....................................2

25

26
*Medina v. Clinton,*
   86 F.3d 155 (9th Cir. 1996)......................................................................................6

27
*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   319 F. Supp. 2d 1059 (C.D. Cal. 2003)..................................................................12

28

*Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*,
    307 F.3d 944 (9th Cir. 2002) ................................................................................... 9

*Rohrmann v. First Metropolitan*,
    No. 08-0313 AG (CTx), slip op. (C.D. Cal. May 10, 2010) ........................................ 2, 7, 12

*Rohrmann v. First Metropolitan*,
    No. 08-0313 AG (CTx), slip op. (C.D. Cal. July 2, 2009) ........................................ 2

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    93 Cal. App. 4th 700 (2001) ................................................................................ 12

*Summit Tech., Inc. v. High-Line Med. Instruments Co., Inc.*,
    922 F. Supp. 299 (C.D. Cal. 1996) ...................................................................... 11

*Tietsworth v. Sears, Roebuck & Co.*,
    No. 09-00288, 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ................................... 12

**STATUTES**

Cal. Code Civ. Proc. § 338(d) ...................................................................................... 2, 15

Cal. Bus. & Prof. Code § 17200 ................................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................ 1, 5

Fed. R. Civ. P. 9(b) ............................................................................................. 1, 2, 11, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 3

12 C.F.R. Part 226, App. H ......................................................................................... 7

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

    PLEASE TAKE NOTICE that, on December 17, 2010 at 9:00 a.m., or as soon thereafter as

4

counsel may be heard, defendant **Countrywide Home Loans, Inc.** ("CHL") will bring on for

5

hearing before the Honorable Jeremy Fogel, United States District Judge, in Courtroom 3, 5th

6

Floor, at the United States Courthouse, 280 South 1st Street, San Jose, CA 95113, its Motion to

7

Dismiss Plaintiffs' Fourth Amended Complaint ("FAC").[1]

8

    CHL requests dismissal of all claims in the FAC – Count 1 (Fraudulent Omissions) and

9

Count 2 (California Business and Professions Code § 17200 ("UCL")) – pursuant to Fed. R. Civ.

10

P. 9(b) and 12(b)(6).  Just over two months ago, this Court dismissed Plaintiffs' Third Amended

11

Complaint ("TAC') in its entirety because Plaintiffs failed to plead "factual allegations with

12

enough particularity to put [CHL (and a prior co-defendant)] on notice of the claims asserted

13

against them" and with enough "specific[ity]" to demonstrate that the allegations are "more than

14

speculation."  *Order Granting Countrywide Defendants' Motion to Dismiss*, at 6, 20 (July 27,

15

2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55 (2007); *Ashcroft v. Iqbal*, 129

16

S. Ct. 1937 (2009)).  The FAC continues to suffer from these same pleadings defects.  Although

17

Plaintiffs purport to sue CHL for alleged conduct occurring in the origination of their residential

18

mortgage loans by an entirely different entity, First Magnus Financial Corporation ("First

19

Magnus"), the FAC fails to plead any factual allegations, plausible or otherwise, connecting CHL

20

to Plaintiffs or a single one of their loans at any point during the loan origination and closing

21

process.  Indeed, the FAC nowhere alleges that CHL even knew of Plaintiffs or their loans at any

22

time before the loans were closed by First Magnus.  Plaintiffs' claims against CHL in the FAC

23

thus continue to rest upon the same speculation, bald conclusions and implausible contentions that

24

this Court already concluded were insufficient to state a claim.  It should not hesitate to reach the

25

same conclusion again and dismiss the FAC for the same reasons.

26

---

[1] The filing of this Motion tolls the deadline for CHL to answer or otherwise respond to the FAC.

27

*See, e.g., Batdorf v. TransUnion*, No. C 00-0501 CRB, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000).  To the extent a further response to the claims and allegations of the FAC is required now,

28

CHL denies all such claims and allegations, and reserves all applicable defenses.

1        CHL also requests dismissal of Plaintiffs' UCL claims because, as this Court held in

2   dismissing the same claims pled in the TAC (*Dismissal Order* at 21-22), the FAC's allegations are

3   insufficient to support a claim under the statute's "unlawfulness" or "unfairness" prongs, and lack

4   the requisite particularity to state a claim under the "fraudulent conduct" prong.

5        Finally, CHL also requests dismissal of the Tenorios' fraudulent omissions claim for the

6   additional reason that it is time-barred.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF THE ISSUE TO BE DECIDED**

2
Pursuant to Civil Local Rule 7-4(a)(3), CHL sets forth the following Statement of the Issue

3
to Be Decided:

4
1.        Whether Plaintiffs' Fourth Amended Complaint fails to state a claim against CHL

5
upon which relief can be granted, and thus should be dismissed?

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN SUPPORT - Case No. C-07-04491 JW RS**

### MEMORANDUM OF POINTS AND AUTHORITIES

#### INTRODUCTION

Plaintiffs' Fourth Amended Complaint ("FAC") confirms that, despite having had multiple tries, they cannot state a claim against Countrywide Home Loans, Inc. ("CHL") based on the loan origination conduct of their mortgage lender – a previously named defendant, First Magnus Financial Corporation ("First Magnus").[2]

The FAC purports to assert two claims against CHL:  fraudulent omissions (Count 1) and violation of the UCL (Count 2).  By Order dated July 27, 2010, this Court dismissed these same claims as pled in the Third Amended Complaint ("TAC"), giving Plaintiffs leave to amend.  *Order Granting Countrywide Defendants' Motion to Dismiss* (July 27, 2010) ("*Dismissal Order*").  It did so because, among other reasons, it agreed with CHL that the TAC failed to plead the requisite factual and particularized allegations necessary to state a claim under Fed. R. Civ. P. 8 and 9(b).  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).  The FAC must meet with the same end, because it continues to suffer from the fundamental pleadings defects as the TAC.  Indeed, while the FAC makes some cosmetic changes and adds some conclusory allegations about purported conduct having nothing to do with Plaintiffs or their loans, it offers no new Plaintiff-specific factual allegations sufficient to state an omissions or UCL claim against CHL for purported conduct occurring during First Magnus's making of the subject loans to Plaintiffs.  For example, while this Court specifically noted Plaintiffs' failure to plead factual allegations about the purported sale or assignment of Plaintiffs' loans to CHL and the "loan and disclosure documents" CHL purportedly "selected, preapproved and/or drafted" in dismissing the TAC (*Dismissal Order* at 6, 20), the FAC fails to include them.  Under these circumstances, this Court should not hesitate to follow its Dismissal Order and the similar decisions of numerous courts that have dismissed claims brought by Plaintiffs' counsel in other similar actions based upon the same bald, speculative, and defective allegations as pled in

---

[2] Plaintiffs are Bertha Romero ("Romero"), James Ruiz ("Ruiz"), Margarita Castro ("Castro"), Teresa Aguilera ("Aguilera"), Gilbert Gomez ("Gomez"), and Edward and Donna Tenorio ("Tenorios") (collectively, "Plaintiffs").

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN SUPPORT - Case No. C-07-04491 JW RS**

the FAC.  *See Rohrmann v. First Metropolitan*, No. 08-0313 AG (CTx), slip op. at 4-7 (C.D. Cal. May 10, 2010) ("*Rohrmann III*"); *Love v. First Mortg. Corp.*, No. 08-0060 AG (CTx), 2009 WL 4980323, at **4-5 (C.D. Cal. Dec. 14, 2009) ("*Love II*"); *Love v. First Mortg. Corp.*, No. 08-0060 AG (CTx), slip op. at 5-6 (C.D. Cal. July 30, 2009) ("*Love I*"); *Rohrmann v. First Metropolitan*, No. 08-0313 AG (CTx), slip op. at 7 (C.D. Cal. July 2, 2009) ("*Rohrmann II*").[3]

Beyond the foregoing, Plaintiffs' UCL claims also must be dismissed because (a) the FAC fails to plead the requisite unlawful, unfair, or fraudulent business practice necessary to sustain them; and (b) the claims are predicated upon alleged misrepresentations not pled with particularity, as required under Fed. R. Civ. P. 9(b).  *See Dismissal Order* at 21-22; *Love II*, 2009 WL 4980323, at **4-5.  In addition, the Tenorios' fraudulent omissions claim must be dismissed because it is time-barred.  Cal. Code Civ. Proc. § 338(d).[4]

## PROCEDURAL HISTORY

As the Court is aware and the docket reflects, this lawsuit has a lengthy history dating back to August 2007.  Since that time, Plaintiffs' counsel has filed a total of five complaints and proposed complaints asserting a variety of claims against at least six different defendants.  Each has either been withdrawn in favor of amendment or dismissed by the Court.  *See Dismissal Order* at 4-5 (detailing procedural history of this action).

Most recently, in its July 27, 2010 Dismissal Order, this Court dismissed Plaintiffs' TAC – the fifth complaint that Plaintiffs' counsel have filed in this lawsuit – in its entirety.  *Dismissal Order*.  In so doing, this Court adopted CHL's arguments, among others, that Plaintiffs' allegations were too "vague and conclusory" to put defendants "on notice of the claims asserted

---

[3]  For the convenience of the Court, copies of the slip opinions and Westlaw decisions cited herein are included in the Appendix accompanying this Motion.

[4]  CHL continues to maintain that Plaintiffs' claims are not legally cognizable because, among other reasons, (1) they are predicated upon alleged omissions of information that was fully-disclosed to Plaintiffs and/or not required to be disclosed as a matter of law; and (2) they are preempted by TILA inasmuch as they seek to impose disclosure requirements and seek relief that is inconsistent with the statute.  *See Defendants Countrywide Bank, N.A.'s and Countrywide Home Loans, Inc.'s Notice of Motion and Motion to Dismiss Third Amended Complaint; Memorandum of Points and Authorities in Support Thereof* (Oct. 1, 2009) (Dkt. No. 95).  Accordingly, in the event this matter proceeds beyond the pleadings stage (and it should not), CHL reserves all rights to advance these and other arguments, whether by dispositive motion or otherwise.

1  against them." *Id.* at 6, 20-22.  As demonstrated below, the FAC, continues to suffer from these

2  same defects, and so must be dismissed for the same reasons.

3  **FACTUAL ALLEGATIONS**[5]

4      ***Romero, Ruiz, Castro and Aguilera/Gomez.***  Romero, Ruiz, Castro, and Aguilera and

5  Gomez are residents, respectively, of San Jose, San Bernardino, San Jose and Lemon Grove,

6  California.  *FAC*, ¶¶ 3-6.  At varying points between March and December 2006, each refinanced

7  their existing home loan and entered into a so-called "payment option" loan – *i.e.*, a 30-year loan

8  where each had the option in the early years of the loan of making more or less than a fully

9  amortizing monthly payment –  with First Magnus.  *Id.*

10      ***The Tenorios.***  The Tenorios are residents of Temecula, California.  *FAC*, ¶ 7.  On or

11  about June 1, 2005, the Tenorios refinanced their existing home loan and entered into a "payment

12  option" loan with First Magnus (the "Tenorio Loan").  *Id.*  In connection with their loan, the

13  Tenorios executed an Adjustable Rate Note ("Tenorio Note") in favor of First Magnus.  *Id.*, ¶ 7

14  and Ex. 5.

15  **ARGUMENT**

16  **I.**    **THE MOTION TO DISMISS STANDARD.**

17      A complaint shall be dismissed where it fails to state a claim upon which relief can be

18  granted. Fed. R. Civ. P. 12(b)(6);  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55 (2007).

19  A complaint containing mere "labels and conclusions," and/or a "formulaic recitation of the

20  elements of a cause of action" cannot survive a Rule 12(b)(6) motion.  *Id.* (citations omitted);

21  *Dismissal Order* at 5 ("a court need not accept as true conclusory allegations, unreasonable

22  references, legal characterizations or unwarranted deductions of fact contained in a complaint"

23  (citing *Clegg v. Cult Awareness Network*, 19 F.3d 752, 754-55 (9th Cir. 1994)).  Rather, a Plaintiff

24  must adduce "[f]actual allegations" sufficient "to raise [his or her] right to relief above the

25  speculative level, on the assumption that all the allegations in the complaint are true (even if

---

26  [5] Although CHL denies the truth of most of what is alleged in the FAC, this Motion assumes the

27  facts pled to be true, as it must under the Federal Rules of Civil Procedure.  If this litigation proceeds beyond the Motion to Dismiss stage (and it should not), CHL reserves its rights to

28  contest Plaintiffs' allegations.

1   doubtful in fact)." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2   Application of these standards here requires dismissal of each of Plaintiffs' claims against CHL.

3   **II.     THE FAC IS DEVOID OF THE REQUISITE FACTUAL ALLEGATIONS TO PLEAD A COGNIZABLE CLAIM AGAINST CHL FOR FIRST MAGNUS'S PURPORTED IMPROPER LOAN ORIGINATION CONDUCT.**

4

5         Despite this Court's clear direction that Plaintiffs "must plead . . . factual allegations with

6   enough particularity to put [CHL] on notice of the claims against [it]," the same pleadings

7   deficiencies (and more) that led this Court to dismiss the TAC continue to infect the FAC.

8   *Dismissal Order* at 6.  And, since the FAC is Plaintiffs' fifth (and fifth failed attempt) to plead

9   actionable claims in this lawsuit, this Court should not hesitate to conclude that these pleadings

10  deficiencies cannot be cured and dismiss this lawsuit with prejudice.  *Id.* at 5.

11        As this Court is aware from this and other similar lawsuits filed by Plaintiffs' counsel,

12  Plaintiffs' theory here is that CHL is purportedly liable for First Magnus' loan origination conduct

13  – purported omissions and misleading representations about Plaintiffs' loan terms –  because CHL

14  purportedly "developed a plan to have third-party originators such as First Magnus sell loans on

15  [its] behalf in order to increase the number of loan [it] could securitize."  *Dismissal Order* at 3.[6]

16  Of course, the mere development of a "plan" is not enough to state fraudulent omissions and/or

17  UCL claims against CHL as to loans made to Plaintiffs by First Magnus.  Recognizing this, the

18  FAC alleges that CHL is somehow liable to Plaintiffs for First Magnus's alleged omissions and

19  misleading representations because (1) it "purchased and/or was assigned" the loans at some point

20  after origination; (2) it "devised, designed and approved" unspecified "loan and disclosure

21  documents" as to unspecified loans; (3) it provided First Magnus with "substantial assistance" in

22  making unspecified loans; and (4) it owed Plaintiffs a duty of disclosure based on "partial

23  representations" by First Magnus in unidentified "Loan Documents." *FAC*, ¶¶ 67, 73, 74.  But,

24  like the dismissed TAC, the FAC is devoid of factual allegations sufficient to demonstrate that any

25  of these bald contentions amount to anything more than speculation.  Nor does the FAC plead

26

27  ───────────────

    [6]  CHL denies the existence of any such "plan." The subject payment option loans were originated
    and closed by First Magnus – Plaintiffs' lender.  And, there was nothing improper or otherwise
28  actionable about CHL's alleged after-the-fact purchase.

factual allegations demonstrating that CHL engaged in any of the alleged conduct with respect to Plaintiffs or their loans. Such allegations are required under Fed. R. Civ. P. 8 to put CHL on "notice of the claims against" it (*Dismissal Order* at 6, 20-22), as well as to demonstrate that Plaintiffs each have standing to sue. Indeed, without factual allegations connecting CHL to Plaintiffs and their loans before or at the time of closing, there is no proper basis for this Court to conclude that each suffered the requisite injury "fairly traceable" to conduct of CHL necessary to confer Article III standing to sue. *Medina v. Clinton*, 86 F.3d 155, 157 (9th Cir. 1996) (to satisfy Article III standing the injury must be "'fairly traceable to challenged conduct of defendant, and not the result of independent action of some third party").

### A. PLAINTIFFS' SUBSEQUENT PURCHASER AND/OR ASSIGNEE ALLEGATIONS REMAIN DEFECTIVE.

In dismissing the TAC, this Court found Plaintiffs' subsequent purchaser or assignee allegations insufficient to sustain their claims because Plaintiffs did not plead factual allegations specifying if CHL "became [a] purchaser[] or assignee[] of [Plaintiffs' loans (or any of them)], when or whether the purchase or assignment occurred, or what rights or loan documents were purportedly sold" or assigned. *Dismissal Order* at 6, 20. This same conclusion attends to the FAC, because it contains only cursory and conclusory allegations regarding CHL's alleged status as a subsequent "purchaser and assignee" of Plaintiffs' loans. *FAC*, ¶¶ 4-7, 73. There are still no factual allegations specifying, among other things, whether CHL purchased or was assigned any of the loans, and what rights or loan documents were purportedly sold or assigned and when.[7] The reason for this obvious: Plaintiffs cannot plead factual allegations as to these matters. But these basic factual allegations already identified by the Court are necessary for Plaintiffs to state a claim against CHL under their theory. *Twombly*, 550 U.S. at 553-55; *Dismissal Order* at 6, 20-22.

---

[7] As this Court already has recognized, the deficiencies of Plaintiffs' "assignee" allegations are also confirmed by the fact that Plaintiffs had at one time repeated them as to prior defendants Homecomings, Washington Mutual and Aurora. *See Second Amended Complaint*, ¶¶ 12-14; *Dismissal Order* at 6.

**B.    PLAINTIFFS' SELECTION, PRE-APPROVED AND/OR DRAFTING ALLEGATIONS REMAIN DEFECTIVE.**

In dismissing the TAC, this Court also found Plaintiffs' allegations that CHL "selected, drafted, and/or preapproved" unidentified "loan and disclosure documents" to be too "vague and conclusory" to sustain Plaintiffs' fraudulent omissions and UCL claims.  *Dismissal Order* at 6. This same conclusion applies with equal force to the FAC, because Plaintiffs have pled no factual allegations to support their conclusory assertions as to CHL's alleged connection to any of Plaintiffs' loan or disclosure documents.  *FAC*, ¶ 73.

Like the TAC, the FAC fails to plead factual allegations identifying the specific loan disclosure documents that CHL purportedly "devised, designed and approved."  *See FAC*.  Nor do Plaintiffs plead any factual allegations purporting to connect the CHL to the design or approval of loan or disclosure documents on any of Plaintiffs' loans.  For example, there are no factual allegations identifying the specific loan or disclosure documents for Plaintiffs' transactions CHL purportedly designed or approved or when and how CHL purportedly did so.  Without such factual allegations, there is no basis for this Court to conclude that CHL had any connection to the conduct of First Magnus with respect to the loans about which Plaintiffs complain.  *See Rohrmann III*, *supra*, slip op. at 5.

Plaintiffs' claims here are based upon the interest rate and negative amortization provisions of Plaintiffs' Notes and the TILDS Payment Schedules provided to them by First Magnus.  *FAC*, ¶¶ 67, 86.  Importantly, however, the FAC does not allege that CHL drafted or approved the interest rate or negative amortization terms in Plaintiffs' Notes, or the payment schedules in their TILDS disclosures.  To the contrary, Plaintiffs expressly allege that First Magnus was responsible for "inserting" the information about the interest rate and monthly payment amounts upon which Plaintiffs' claims are predicated into forms that First Magnus received from a third-party (not CHL).  *Id.*, ¶ 37(f).  Plaintiffs further allege that it was First Magnus – not CHL – that was responsible for completing the loan documents and providing them to Plaintiffs.  *Id.*

In the face of these allegations, and in the absence of a single factual allegation connecting CHL to the "design" or "approval" of a single, specific loan or disclosure document relating to

- 6 -

Plaintiffs' loans (or, for that matter, any one of them), this Court should not to allow this lawsuit to proceed.[8]

### C.   PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT AN AIDING AND ABETTING THEORY AGAINST CHL.

Recognizing the defects in their purchaser/assignee and design/approval allegations, Plaintiffs appear to allege that CHL can somehow be liable for First Magnus's purported loan origination conduct under an aiding and abetting theory, because CHL purportedly provided "substantial assistance" to First Magnus in making "loans" (but not necessarily Plaintiffs' loans). *FAC*, ¶ 74.  As with Plaintiffs' other theories, however, this one too must fail for a lack of factual allegations pled with enough particularity to sustain it.

A plaintiff seeking to plead an aiding and abetting claim faces a high bar.  The Ninth Circuit has made clear that "liability may . . . be imposed [only] on one who aids and abets the commission of an intentional tort if the person . . . [1] knows the other's conduct constitutes a breach of a duty and [2] gives substantial assistance or encouragement to the other to so act."  *In re First Alliance Mortg. Comp.*, 471 F.3d 977, 993 (9th Cir. 2006) (quoting *Casey v. U.S. Bank National Assn.*, 127 Cal. App. 4th 1138, 1144 (2005) (emphasis added)).  Similarly, the California Supreme Court has held that aiding and abetting liability requires that the defendant specifically know that the conduct of another as to the particular plaintiff is illegal at the time of its occurrence – mere knowledge of conduct that is ultimately determined to be wrongful is not enough.  *Casey*, 127 Cal. App. 4th at 1144 (aiding and abetting claim must allege that the defendant "knows the other's conduct constitutes a breach of a duty.").  Consistent with this holding, in *Casey*, the California Supreme Court explained that "a court must carefully scrutinize whether the plaintiff has alleged the bank had actual knowledge of the underlying wrong it purportedly aided and

---

[8] Plaintiffs' conclusory "design" and "approval" allegations also are implausible given that the TILDS upon which they predicate their claims is a federally-regulated form contained as part of the Code of Federal Regulations.  12 C.F.R. Part 226, App. H.  It simply makes no sense to allege that CHL designed and approved that form, and/or that its "provision" of such a form to First Magnus could somehow make CHL liable to Plaintiffs.  This is especially true where Plaintiffs allege that First Magnus was responsible for inserting the material facts into the TILDS and providing it to Plaintiffs.  *FAC*, ¶ 37(f).

1   abetted," and agreed with the lower court that the plaintiff had not stated a claim because the

2   defendant was not alleged to have been aware that a specific underlying tort was being committed:

3       California courts have long held that liability for aiding and abetting depends on
        proof the defendant had <u>actual knowledge of the specific primary wrong the</u>
4       <u>defendant substantially assisted</u>.

5       * * * *

6       [A]iding and abetting . . . necessarily requires a defendant to reach a <u>conscious</u>
        <u>decision to participate in tortious activity for the purpose of assisting another in</u>
7       <u>performing a wrongful act</u>.

8       * * * *

9       [T]he complaint fails to establish that the banks had actual knowledge of the
        primary violation in which they purportedly participated. Absent such knowledge,
10      the banks cannot be held liable on an aiding and abetting theory.

11  *Casey*, 127 Cal. App. 4th at 406, 408 (emphasis added).

12          As applied here, these authorities mean that Plaintiffs cannot pursue either of their claims

13  against CHL under an aiding and abetting theory in the absence of non-speculative, factual

14  allegations that CHL, at least, had actual knowledge of First Magnus's alleged omissions and

15  misleading representations as to each of Plaintiffs' loans before their closing, had actual

16  knowledge at or before the closing of each loan that First Magnus's alleged omissions and

17  misleading representations were illegal and constituted a breach of duty owed by First Magnus to

18  Plaintiffs, and consciously gave substantial assistance or encouragement to First Magnus to make

19  the alleged omissions and partial representations as to each of Plaintiffs' loans.  *Casey*, 127 Cal.

20  App. 4th at 1144-46.  The FAC pleads no such factual allegations.

21          At the outset, Plaintiffs nowhere allege that First Magnus owed them a duty in connection

22  with the loans.  *See First Alliance*, 471 F.3d at 993.  This is not surprising, because California law

23  is well-settled that a lender owes no fiduciary duty to the borrower, because the parties are parties

24  to an arm's length transaction.  *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co*., 307

25  F.3d 944, 954 (9th Cir. 2002).  Without allegations of duty owed to Plaintiffs by First Magnus,

26  there are (and can be) no plausible allegations of CHL's knowledge of First Magnus's breach of

27  such a duty as necessary to plead aiding and abetting.  *First Alliance*, 471 F.3d at 993.

28

- 8 -

Similarly fatal to Plaintiffs' theory is the fact that the FAC does not plead a single factual allegation to support the conclusion that CHL had advance knowledge of First Magnus's omissions or partial representations as to a single one of Plaintiffs' Loans.  In fact,  the FAC does not even allege that CHL knew of Plaintiffs or their loan transactions at any time before their closing and purported subsequent sale or assignment.  Further, as noted, there are no factual allegations connecting CHL to the design, drafting or approval of the loan or disclosure documents on any of Plaintiffs' loans.  Without these (and other) specific factual allegations connecting CHL to Plaintiffs and their loans at any time before or at closing, the FAC pleads no facts "specific enough" to demonstrate that Plaintiffs' conclusory aiding and abetting allegation amounts to anything "more than speculation."  *See Twombly*, 550 U.S. at 553-55; *Casey*, 127 Cal. App. 4th at 406, 408; *Dismissal Order* at 6-7.

Moreover, because Plaintiffs continue to allege that First Magnus (not CHL) was responsible for "insert[ing] the monthly payment amounts, teaser interest rates and principal amounts" (*FAC*, ¶ 37(f)), the same terms upon which Plaintiffs predicate their fraudulent omission and UCL claims, into the Note and TILDS (*FAC*, ¶¶ 67-79), any allegation that CHL "knew" of First Magnus's alleged misconduct and assisted it is implausible.  CHL cannot be said to have aided and abetted the disclosure of loan terms that Plaintiffs allege an entirely different entity, First Magnus, was responsible for inserting into loan documents and providing to Plaintiffs.

Finally, the theory also is defectively pled because Plaintiffs do not allege that CHL provided substantial assistance or encouragement to First Magnus to commit the alleged misconduct in connection with their loans.  *First Alliance*, 471 F.3d at 993.  Plaintiffs allege only that CHL provided First Magnus standard warehouse financing and bought loans from First Magnus.  *FAC*, ¶ 74.  But the mere fact that CHL purportedly purchased loans from First Magnus is not enough to establish that CHL provided substantial assistance to First Magnus to enable it to engage in any misconduct as to Plaintiffs' loans, especially where Plaintiffs do not plead that CHL was the only purchaser of loans made by First Magnus.  *See In re Software Toolworks, Inc. Securities Litig.*, No. C-90-2906 FMS, 1991 WL 319033, at *3 (N.D. Cal. June 17, 1991) (dismissing aiding and abetting claims against underwriters of a stock offering and the offering

1   company's accountants because "providing routine investment banking services in connection

2   with the offering and acting as a market maker for the Company's stock does not satisfy the

3   'substantial assistance' requirement for aiding and abetting liability.").

4         **D.**    **PLAINTIFFS' PARTIAL/MISLEADING REPRESENTATIONS ALLEGATIONS ARE INSUFFICIENT TO SALVAGE THEIR CLAIMS.**

5

6         As their final attempt to state a claim against CHL, Plaintiffs allege that CHL owed them a

7   duty to disclose based on First Magnus's misleading/partial representations in their loan

    documents.  *FAC*, ¶ 67.  But, like Plaintiffs' other theories, this one too is defectively pled.

8         First, because Plaintiffs' theory sounds in fraud, the representations at issue must be pled

9   with particularity under Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

10  2009).  They are not.  Plaintiffs nowhere allege the maker, time, place, and/or specific content of

11  any of the alleged representations.  This Court, however, has made clear that such allegations are

12  required for "all actions sounding in fraud."  *Dismissal Order* at 22.

13        Second, it is black-letter law that liability for "partial representations" potentially arises

14  only when a party decides to speak.  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).  Here,

15  however, Plaintiffs nowhere allege that CHL made any representations to them or provided them

16  their loan documents.  *See FAC*.  To the contrary, Plaintiffs' allegations are as to partial or

17  misleading representations made by First Magnus.  *FAC*, ¶¶ 3-7, 67.  The FAC thus fails to plead

18  any claim against CHL based on partial representations.  *See Rohrmann III*, *supra*, slip op. at 5-6.

19  **III.**    **PLAINTIFFS' UCL CLAIMS MUST BE DISMISSED.**

20        In addition to the foregoing pleadings defects, Plaintiffs' UCL claims continue to suffer

21  from the same additional defects as led this Court to dismiss them from the TAC.  *Dismissal*

22  *Order* at 21-22.  Plaintiffs continue to fail to plead factual allegations of the requisite "unlawful,

23  unfair or fraudulent business act or practice" necessary to state such a claim (Cal. Bus. & Prof.

24  Code § 17200), and the requisite details necessary to meet the heightened pleading standards of

25  Rule 9(b).

26        Under the "unlawful" prong of the UCL, Plaintiffs must plead, "with reasonable

27  particularity," facts demonstrating "that another statute was violated."  *Love II*, 2009 WL

28

- 10 -

4980323, at **4-5; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059 (C.D. Cal. 2003); *Dismissal Order* at 21-22 (citing *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997)). They have not. Instead, Plaintiffs again predicate their UCL "unlawfulness" claims upon alleged violations of unidentified portions of the Federal Trade Commission Act ("FTC Act") and the Civil Code sections codifying fraud. *FAC*, ¶ 92. Conclusory allegations of CHL's unidentified violation of unspecified portions of the FTC Act cannot state a claim because it fails to put CHL on fair notice of the claim against it. *Dismissal Order* at 6.[9] And, because the FAC is devoid of sufficient factual allegations connecting CHL to Plaintiffs, Plaintiffs' loans and the alleged loan origination omissions and misleading representations (*see* Section II, *infra*), Plaintiffs' conclusory allegations of CHL's violation of the California' statutory provisions codifying fraud constitute no more than speculation unsupported by the requisite particularized, factual allegations. *Dismissal Order* at 6.

As to the "fraudulent" prong, Plaintiffs' allegations still fail to meet the heightened pleading standards for actions that are based on fraud and deception, including UCL actions. *Kearns*, 567 F.3d at 1125; *Dismissal Order* at 22. This is because, as this Court recognized in dismissing Plaintiffs' UCL "fraudulent" claims in the TAC, nowhere do Plaintiffs allege "the time, place, and/or specific content of any alleged false representations." *Id.*; *see also Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 20 (2009). Nor do they "allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.*

Finally, as to the "unfairness" prong, Plaintiffs' claims must again be dismissed because they still fail to articulate any legislative policy that CHL violated. Specifically, Plaintiffs do not plead the required nexus between the allegedly unfair conduct and an articulated public policy –

---

[9] The FTC Act also cannot support Plaintiffs' UCL "unlawfulness" claims for the independent reason that "there is no private right of action under the [Act]." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009). Plaintiffs thus cannot borrow the FTC Act to state a UCL "unlawfulness" claim. *Summit Tech., Inc. v. High-Line Med. Instruments Co., Inc.*, 922 F. Supp. 299, 305-07, 316 (C.D. Cal. 1996) (dismissing UCL claim seeking to enforce a federal statute that expressly prohibits private actions).

1   the UCL "unfairness" test articulated by the California Supreme Court in *Cel-Tech Commc'ns,*

2   *Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999). *See also Gutierrez v. Ocwen Loan*

3   *Servicing, LLC*, No. 09-163, 2009 WL 426606, at *4 (E.D. Cal. Feb. 20, 2009). Plaintiffs' generic

4   and conclusory allegations that CHL's conduct was "unfair" because it violated unspecified

5   "established public policy" thus are insufficient because they do not connect CHL's conduct to an

6   articulated legislative policy.[10] *FAC*, ¶¶ 94-98.

7   **IV.    THE TENORIOS' FRAUDULENT OMISSIONS CLAIM IS TIME-BARRED.**

8         Finally, the Tenorios' fraudulent omissions claim should be dismissed as time-barred. The

9   Tenorios' fraudulent omissions claim challenges alleged conduct at and prior to the inception of

10  their loan – specifically, the Tenorios complain that First Magnus failed to provide them

11  information about certain loan terms before closing. *FAC*, ¶ 77. At the latest then, the Tenorios'

12  fraudulent omissions claim arose at the closing of their mortgage loan transaction when a

13  reasonable person would have discovered the basis for the claim – in June 2005. *Id.*, ¶ 7 and Ex.

14  5. The Tenorios, however, did not file their fraudulent omissions claim against CHL until

15  November 17, 2008, which is beyond the limitations period. Cal. Code Civ. Proc. § 338(d) (3-

16  year common law fraud limitations period). The Tenorios' fraudulent omissions claim thus should

17  be dismissed as time-barred.

18                              <u>CONCLUSION</u>

19         WHEREFORE, for all the foregoing reasons, CHL respectfully requests that this Court

20  dismiss Plaintiffs' Fourth Amended Complaint and each of the causes of action against CHL with

21  prejudice.

22

23

24

---

25  [10] Plaintiffs' "unfairness" claims also fail under the alternative tests some courts have applied: (1)
    the "balancing" test (which weighs the utility of CHL's alleged conduct against the alleged gravity
26  of the harm to Plaintiffs) or (2) the "*Camacho*" test (which looks at whether the harm is
    substantial, could not reasonably been avoided and not outweighed by countervailing benefits).
27  *Tietsworth v. Sears, Roebuck & Co.*, No. 09-00288, 2009 WL 3320486, at *7 (N.D. Cal. Oct. 13,
    2009); *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). The FAC fails
28  to plead any plausible facts to support either test.

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN
SUPPORT - Case No. C-07-04491 JW RS

Respectfully submitted,

Dated: October 6, 2010          By:    /s/ Brooks R. Brown
                                       Brooks R. Brown
                                       *bbrown@goodwinprocter.com*
                                       **GOODWIN PROCTER LLP**
                                       10250 Constellation Blvd., 21st Floor
                                       Los Angeles, CA 90067
                                       Tel.:  310.788.5100

                                       Robert B. Bader
                                       *rbader@goodwinprocter.com*
                                       **GOODWIN PROCTER LLP**
                                       Three Embarcadero Center, 24th Floor
                                       San Francisco, CA 94111
                                       Tel.:  415.733.6000

                                       Attorneys for Defendant
                                       *Countrywide Home Loans, Inc.*

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN SUPPORT - Case No. C-07-04491 JW RS

1

**PROOF OF SERVICE**

2      I certify that this document filed through the ECF system will be sent

3   electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

4   and paper copies will be sent to those indicated as non registered participants on this October 6,

5                                                2010.

6                                       /s/ Brooks R. Brown
                                         Brooks R. Brown
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA IN SUPPORT - Case No. C-07-04491 JW RS**