Brooks R. Brown (SBN 250724)
*bbrown@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, CA 90067
Tel.: 310.788.5100
Fax: 310.286.0992

Robert B. Bader (SBN 233165)
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Tel.: 415.733.6000
Fax: 415.671.9041

Attorneys for Defendant
*Countrywide Home Loans, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BERTHA ROMERO; JAMES RUIZ; MARGARITA CASTRO; TERESA AGUILERA; GILBERT GOMEZ; and EDWARD TENORIO and DONNA TENORIO individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.; and Does 7 through 10 inclusive,<br><br>Defendants. | Case No. C-07-04491 JF RS<br><br>**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Date:        January 7, 2011<br>Time:        9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:       Hon. Jeremy Fogel |

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

I.    PLAINTIFFS FAIL TO PLEAD A COGNIZABLE CLAIM AGAINST CHL BASED ON FIRST MAGNUS'S PURPORTED IMPROPER LOAN ORIGINATION CONDUCT. ..................................... 1

      A.    PLAINTIFFS STILL DO NOT ALLEGE SUFFICIENT FACTUAL ALLEGATIONS REGARDING CHL'S PURPORTED STATUS AS A SUBSEQUENT PURCHASER AND/OR ASSIGNEE OF PLAINTIFFS' LOANS. ............................................................................ 2

      B.    PLAINTIFFS' SELECTION, PRE-APPROVAL AND/OR DRAFTING ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM. ........................................................................... 3

      C.    PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT AN AIDING AND ABETTING THEORY AGAINST CHL. ....................................................... 5

      D.    PLAINTIFFS' PARTIAL AND/OR MISLEADING REPRESENTATION ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM AGAINST CHL. ..................................................... 8

II.    PLAINTIFFS' UCL CLAIMS (COUNT 2) MUST BE DISMISSED. .............................................. 8

III.    THE TENORIOS CONCEDE THAT THEIR FRAUDULENT OMISSIONS CLAIM IS TIME-BARRED. ................................................................................................................................. 10

CONCLUSION ................................................................................................................................. 11

- i -

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS**

## TABLE OF AUTHORITIES

**CASES**   **PAGE**

*American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc.*,
  35 F. Supp. 2d 1031 (N.D. Cal. 2001) .................................................................................. 8

*Amparan v. Plaza Home Mortg.*,
  No. 07-cv-04498-JF, 2010 WL 3743953 (N.D. Cal. Sept. 23, 2010) ...................................... 2

*APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*,
  452 F. Supp. 2d 939 (N.D. Cal. 2006) .................................................................................. 3

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ......................................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 2-4

*Brooks v. Community Lending, Inc.*,
  No. C 07-4501 JF (PVT), 2010 WL 2680265 (N.D. Cal. July 6, 2010) ................................. 2

*Camacho v. Auto. Club of S. Cal.*,
  142 Cal. App. 4th 1394 (2006) ............................................................................................ 8

*Casey v. U.S. Bank National Ass'n.*,
  127 Cal. App. 4th 1138 (2005) ............................................................................................ 6

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ......................................................................................................... 9

*Hinton v. Pac. Enters.*,
  5 F.3d 391 (9th Cir. 1993) .................................................................................................. 11

*In re First Alliance Mortg. Corp.*,
  471 F.3d 977 (9th Cir. 2006) ............................................................................................ 7-8

*In re Software Toolworks, Inc. Securities Litig.*,
  No. C-90-2906 FMS, 1991 WL 319033 (N.D. Cal. June 17, 1991) ...................................... 7

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 9

*Keller v. Countrywide Home Loans Servicing, L.P.*,
  No. SACV08-0017 AG (CTx), slip op. (C.D. Cal. Feb. 2, 2009) .......................................... 3

*Love v. First Mortg. Corp.*,
  No. EDCV 08-0060 AG (CTx), slip op. (C.D. Cal. July 30, 2009) .................................... 8-9

- ii -

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS**

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
   No. CV 09-05438 SJO (CTx), slip op. (C.D. Cal. May 13, 2010) .......................................... 1, 5

*Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*,
   307 F.3d 944 (9th Cir. 2002) ........................................................................................................ 6

*Ralston v, Mortg. Investors Group, Inc.*,
   No. C 08-536 JF (PVT), 2010 WL 3211931 (N.D. Cal. Aug. 12, 2010) ................................... 2

*Rohrmann v. First Metropolitan*,
   No. SACV 08-0313 AG (CTx), slip op. (C.D. Cal. May 10, 2010) ................................... 1, 4-5

*Rohrmann v. First Metropolitan*,
   No. SACV 08-0313 AG (CTx), slip op. (C.D. Cal. Jan. 22, 2009) ................................... 1, 4-5

*Van Slyke v. Capitol One Bank*,
   No. C 07-00671 WHA, 2007 WL 3343943 (N.D. Cal. Nov. 7, 2007) ....................................... 9

*Whitely v. Philip Morris Inc.*,
   117 Cal. App. 4th 635 (2004) ....................................................................................................... 5

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 1, 8-10

Cal. Civ. Proc. Code § 338(d) ......................................................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ................................................................................................................................ 2

Fed. R. Civ. P. 9(b) ........................................................................................................................... 9

- iii -

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS**

## INTRODUCTION

As demonstrated in Countrywide Home Loans, Inc.'s ("CHL") Motion to Dismiss ("Motion" or "Mot."), Plaintiffs'[1] Fourth Amended Complaint ("FAC") continues to suffer from the same fundamental defects that led this Court to dismiss the Third Amended Complaint ("TAC").[2] *Order Granting Countrywide Defendants' Motion to Dismiss* (July 27, 2010) ("Dismissal Order"). Plaintiffs' 24-page Opposition ("Opposition" or "Opp.") to CHL's 12-page Motion provides no legitimate basis for this Court to conclude otherwise. Indeed, in the Opposition, Plaintiffs pay only lip service to the Dismissal Order and fail to demonstrate, by reference to specific allegations in the FAC, that they have cured any of the numerous pleadings defects identified in it. The reason is because they cannot. The FAC remains defectively pled as to Plaintiffs' derivative liability theory against CHL predicated upon the conduct of Plaintiffs' lender, First Magnus Financial Corporation ("First Magnus"). It thus should be dismissed, this time with prejudice. Put simply, in its 26-page Dismissal Order, this Court gave Plaintiffs clear guidance on the factual allegations that they must plead for this lawsuit to proceed. Plaintiffs elected not to comply with that guidance. They should be held to the consequences of that election.

## ARGUMENT

**I. PLAINTIFFS FAIL TO PLEAD A COGNIZABLE CLAIM AGAINST CHL BASED ON FIRST MAGNUS'S PURPORTED IMPROPER LOAN ORIGINATION CONDUCT.**

Plaintiffs concede that they seek to hold CHL derivatively liable for First Magnus's alleged (1) fraudulent omissions prior to and at the inception of their First Magnus mortgage loans, and (2) violations of California's Business and Professions Code section 17200, *et seq.* ("UCL") predicated upon First Magnus's alleged fraudulent loan origination conduct. *Opp.* at 2 ("CHL is liable for all of First Magnus's statutory and common law violations."). And, they do not dispute

---

[1] Plaintiffs are Bertha Romero, James Ruiz, Margarita Castro, Teresa Aguilera, Gilbert Gomez, and Edward and Donna Tenorio (the "Tenorios") (collectively, "Plaintiffs").

[2] *See also Rohrmann v. First Metropolitan*, No. SACV 08-0313 AG (CTx), slip op. (C.D. Cal. May 10, 2010) ("*Rohrmann III*"); *Rohrmann v. First Metropolitan*, No. SACV 08-0313 AG (CTx), slip op. (C.D. Cal. Jan. 22, 2009) ("*Rohrmann I*"); *Monaco v. Bear Stearns Residential Mortg. Corp.*, No. CV 09-05438 SJO (CTx), slip op. (C.D. Cal. May 13, 2010).

- 1 -

that their derivative liability theory depends upon their allegations that CHL: (1) "purchased and/or was assigned" the loans at some point after origination; (2) "devised, designed and approved" unspecified "loan and disclosure documents" as to unspecified loans; (3) provided First Magnus with "substantial assistance" in making unspecified loans; and (4) owed Plaintiffs a duty of disclosure based on "partial representations" by First Magnus in unidentified "Loan Documents." *FAC*, ¶¶ 67, 73, 74; *see generally Opp.* But, as CHL demonstrated in the Motion (at 4-10), these bald and conclusory assertions are insufficient to sustain Plaintiffs' claims as to CHL. This is because the FAC is devoid of factual allegations sufficient to address the pleadings defects identified by this Court in the Dismissal Order and to demonstrate, as required under Fed. R. Civ. P. 8 and Supreme Court precedent, that Plaintiffs' claims are based upon anything more than speculation. *Mot.* at 4-10; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).[3] Plaintiffs respond that they have "resolve[d] the Court's concern by providing detailed allegations concerning [CHL's] role in the subject scheme whereby Option ARM loans were sold to Plaintiffs and Class members without complete disclosure of material facts." *Opp.* at 1. But, as we demonstrate below, this bald contention cannot withstand scrutiny in the face of the actual allegations of the FAC.

**A. PLAINTIFFS STILL DO NOT ALLEGE SUFFICIENT FACTUAL ALLEGATIONS REGARDING CHL'S PURPORTED STATUS AS A SUBSEQUENT PURCHASER AND/OR ASSIGNEE OF PLAINTIFFS' LOANS.**

As demonstrated in the Motion (at 5), Plaintiffs' subsequent purchaser or assignee allegations are insufficient to sustain their claims because Plaintiffs still do not plead the factual allegations this Court found lacking in the Dismissal Order (at 6, 20). Plaintiffs' one sentence response confirms the merit of CHL's argument. *Opp.* at 11. Specifically, in the Opposition,

---

[3] Perhaps recognizing the merit of CHL's arguments under the Dismissal Order, Plaintiffs' Opposition almost entirely ignores the Order. Instead, Plaintiffs argue that other cases, including ones decided by this Court, support allowing this lawsuit to proceed. *Opp.* at 1, 7 (citing *Amparan v. Plaza Home Mortg.*, No. 07-cv-04498-JF, 2010 WL 3743953 (N.D. Cal. Sept. 23, 2010); *Ralston v. Mortg. Investors Group, Inc.*, No. C 08-536 JF (PVT), 2010 WL 3211931 (N.D. Cal. Aug. 12, 2010); *Brooks v. Community Lending, Inc.*, No. C 07-4501 JF (PVT), 2010 WL 2680265 (N.D. Cal. July 6, 2010)). But this is no real response to CHL's dismissal arguments grounded in the Dismissal Order. For Plaintiffs to overcome those arguments, they must demonstrate that the FAC contains factual allegations addressing the pleadings defects identified in the Dismissal Order. They have failed to do so.

1  Plaintiffs contend that their purchaser/assignee allegations are sufficient because they purchased
2  the loans at some unspecified time "shortly after closing" and CHL acquired "all of the
3  [unidentified] loan documents." *Opp*. at 11 (citing *FAC*, ¶¶ 3-7). But, in the Dismissal Order (at
4  6, 20), this Court made clear that Plaintiffs must plead factual allegations demonstrating whether
5  CHL became a "purchaser[] or assignee[]" of Plaintiffs' loans and, if so, when the "purchase or
6  assignment occurred" and what "rights or loan documents were" sold or assigned. Plaintiffs have
7  failed to point to any factual allegations as to these matters in the FAC. Thus, as this Court
8  previously found in dismissing the TAC, Plaintiffs' purchaser/assignee allegations are insufficient
9  to sustain their claims. *Dismissal Order* at 6, 20-22; *see also Twombly*, 550 U.S. at 553-55.[4]

### B. PLAINTIFFS' SELECTION, PRE-APPROVAL AND/OR DRAFTING ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM.

As CHL demonstrated in the Motion (at 6-7), Plaintiffs' selection, pre-approval and drafting of unidentified loan and disclosure documents "remain too vague and conclusory" to sustain their derivative liability claims against CHL. *Dismissal Order* at 6. Plaintiffs' responses to this argument are unavailing.

First, in an effort to avoid CHL's argument, Plaintiffs mischaracterize it, arguing that CHL "claims there are no allegations connecting it to the fraudulent Loan Documents." *Opp*. at 7. But this is not CHL's argument. Rather, as set forth in the Motion, CHL's argument is that Plaintiffs "have pled no factual allegations to support their conclusory assertions" of CHL's selection, pre-approval, and drafting as to "any of Plaintiffs' loan or disclosure documents." *Mot.* at 6 (emphasis added). And, as to that argument, Plaintiffs marshal no response. Plaintiffs do not point to any factual allegations identifying the specific terms in their loan documents that CHL purportedly dictated, drafted and/or pre-approved. *Opp.* at 8-9. Nor do Plaintiffs point to factual allegations

---

[4] Plaintiffs' subsequent purchaser or assignee allegations are also defectively pled because they "contain[] inconsistencies and inaccuracies that impair [CHL's] ability to adequately prepare a defense." *Keller v. Countrywide Home Loans Servicing, L.P.*, No. SACV08-0017 AG (CTx), slip op. at 3 (C.D. Cal. Feb. 2, 2009). Plaintiffs plead contradictory allegations as to whether CHL allegedly purchased the loans (*see FAC*, ¶¶ 3-7), or whether CHL allegedly was assigned the loans (*id.*, ¶¶ 14, 73). These basic pleadings deficiencies demonstrate that Plaintiffs still have no facts to support their claims. Instead, they hope to survive dismissal so that they may seek facts in discovery to remedy their deficient complaint. That is, of course, improper. *APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006).

1  concerning when or how CHL drafted or pre-approved their loan documents. *See Rohrmann III*,
2  *supra*, slip op. at 5. This is because there are none. Plaintiffs thus have failed to demonstrate that
3  their "selection," "dictation," "drafting" and/or "pre-approval" allegations in the FAC are anything
4  other than the same bald assertions this Court found were defectively pled in the TAC. *Dismissal*
5  *Order* at 6, 20; *see also Twombly*, 550 U.S. at 553-55; *Rohrmann I*, *supra*, slip op. at 4.

6        This conclusion is reinforced by Plaintiffs' attempt to bolster the allegations of the FAC in
7  the Opposition. Specifically, although they allege that the "Loan Documents" at issue are the
8  Note and Truth in Lending Disclosure Statement ("TILDS"), the Opposition points to no factual
9  allegations (none) pleading how or when CHL drafted or pre-approved the Notes or TILDS
10 relating to Plaintiffs' loans. Nor do Plaintiffs point to any factual allegations demonstrating that
11 CHL drafted or pre-approved the interest rate and negative amortization terms in Plaintiffs' Notes
12 and the payment schedules in their TILDS upon which their claims appear to be predicated. Of
13 course, in the absence of factual allegations that CHL drafted or pre-approved the specific content
14 in the specific "Loan Documents" upon which Plaintiffs predicate their claims, there is no basis to
15 conclude that Plaintiffs' claims are plausible. *Twombly*, 550 U.S. at 553-55.

16       This is especially true in light of Plaintiffs' allegations that First Magnus (not CHL) was
17 responsible for (a) "inserting" the information about the teaser interest rate and monthly payment
18 amounts into forms that it received from another third-party (*FAC*, ¶ 50; *Opp.* at 8), and (b)
19 completing the loan documents and providing them to Plaintiffs. Contrary to Plaintiffs' assertions
20 otherwise, these allegations are entirely consistent with First Magnus having exclusively drafted
21 and approved the content of the Loan Documents upon which Plaintiffs predicate their claims.
22 For example, given that the TILDS is a federally-approved form (*Mot.* at 7 n.8) and Plaintiffs
23 allege that First Magnus was responsible for inserting the monthly payment amounts in the Loan
24 Documents, Plaintiffs' allegations that CHL somehow drafted or pre-approved the TILDS
25 payment schedule about which they complain are implausible and, at the very least, speculative in
26 the absence of specific factual allegations of CHL's drafting or approval of Plaintiffs' TILDS
27 payment schedules. At a minimum, Plaintiffs must plead facts (not conclusions) as to what terms
28

1 they allege CHL drafted or pre-approved, how it did so, and when it did so. Otherwise, there is no
2 basis to conclude that CHL "did anything wrong." *Rohrmann I*, *supra*, slip op. at 4.

3 Second, Plaintiffs' argument (in a footnote (*Opp.* at 10, n.5)) that CHL is liable even if it
4 did not directly provide the loan documents to Plaintiffs also must be rejected. As Plaintiffs
5 recognize, a defendant can be liable under an indirect misrepresentation theory only if it "intends
6 or has reason to expect that its terms will be repeated or its substance communicated to the other,
7 and that it will influence [the third party's] conduct in the transaction or type of transactions
8 involved." *Whitely v. Philip Morris Inc.*, 117 Cal. App. 4th 635, 681-82 (2004). The Opposition
9 does not point to a single factual allegation in the FAC sufficient to establish such an intent or
10 expectation by CHL as to Plaintiffs' loans. *See Monaco*, *supra*, slip op. at 8-9 (rejecting similar
11 scheme allegations in support of a fraudulent omissions claim where plaintiffs failed to allege the
12 requisite intent to defraud). Similarly, as noted, the Opposition does not identify a specific
13 document or loan term concerning Plaintiffs' loans that CHL purportedly helped to draft that
14 could support a plausible conclusion that CHL had (or could have had) any actionable intent or
15 expectation as to Plaintiffs' loans. To the contrary, by Plaintiffs' own allegations, it was First
16 Magnus – not CHL – that inserted the facts regarding Plaintiffs' monthly payments, interest rates
17 and principal amounts into the challenged (and unidentified) loan disclosures and provided them
18 to Plaintiffs. *FAC*, ¶ 50; *Opp.* at 6-7. Obviously, where it is First Magnus that is alleged to have
19 done so, there is no plausible basis upon which to conclude that CHL participated in an actionable
20 scheme to defraud Plaintiffs such that it could be derivatively liable for First Magnus's alleged
21 conduct. *See Rohrmann III*, *supra*, slip op. at 5.

22 **C. PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT AN AIDING AND ABETTING THEORY AGAINST CHL.**

23 As CHL demonstrated in the Motion (at 7-10), the FAC lacks sufficient factual allegations
24 to plead CHL's aiding and abetting of First Magnus's alleged loan origination misconduct.
25 Plaintiffs' response that the FAC is somehow sufficient because they have alleged that CHL aided
26 and abetted First Magnus's alleged fraudulent loan origination conduct by purportedly dictating
27
28

- 5 -
**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS**

unidentified First Magnus "Loan Documents" and purchasing loans made by it is unavailing (*Opp.* at 9 (citing *FAC*, ¶¶ 44-49)). *See Dismissal Order* at 20-21.

As this Court recognized in dismissing the TAC (*Dismissal Order* at 20), and Ninth Circuit and California law makes clear, to plead an aiding and abetting claim, Plaintiffs must allege that CHL "[1] <u>kn[e]w [First Magnus'] conduct constitute[d] a breach of a duty</u> and [2] <u>g[a]ve substantial assistance or encouragement to [First Magnus] to so act</u>." *See, e.g.*, *In re First Alliance Mortg. Corp.*, 471 F.3d 977, 986 (9th Cir. 2006) (emphasis added); *Mot.* at 7-10 (cases cited). Thus, to state an aiding and abetting claim, Plaintiffs must plead factual allegations that CHL had actual knowledge of First Magnus's alleged misconduct with respect to <u>Plaintiffs' loans</u> in advance, knew that the alleged misconduct was illegal and constituted a breach of duty owed by <u>First Magnus to Plaintiffs</u>, and gave substantial assistance or encouragement to First Magnus to engage in the alleged misconduct <u>as to Plaintiffs' loans</u>. *Casey v. U.S. Bank National Ass'n.*, 127 Cal. App. 4th 1138, 1144-46 (2005); *Dismissal Order* at 20. These necessary factual allegations of CHL aiding and abetting First Magnus as to each of Plaintiffs' loans remain absent from the FAC.

At the outset, Plaintiffs' aiding and abetting theory is legally defective because they fail to allege that First Magnus owed them a duty in connection with their loans. *See First Alliance*, 471 F.3d at 986. In their Opposition (at 12), Plaintiffs argue that the FAC alleges such a duty in Paragraph 67. This argument is demonstrably false and the Opposition concedes as much. *Opp.* at 12 (Paragraph 67 "alleges a duty to disclose," not a duty by First Magnus). Paragraph 67 makes no reference at all to First Magnus, let alone plead factual allegations sufficient to show that First Magnus owed Plaintiffs a duty. *Id.*; *FAC*, ¶ 67. This is not surprising, because, as CHL demonstrated in the Motion (at 8) and Plaintiffs nowhere refute, California law is well-settled that a lender owes no fiduciary duty to the borrower. *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 954 (9th Cir. 2002). Thus, in consequence of Plaintiffs' defective duty allegations and well-settled law, the FAC lacks sufficient factual allegations to plead an aiding and abetting theory.

The FAC also is defectively pled as to aiding and abetting because it contains no factual allegations of CHL's advance knowledge of First Magnus's alleged misconduct in connection with any of Plaintiffs' loans; CHL's knowledge <u>of Plaintiffs or their loan transactions</u> before Plaintiffs entered into them; CHL's advance knowledge of First Magnus's alleged omissions or partial representations <u>regarding any of Plaintiffs' loans</u>; CHL's design, drafting or pre-approval of the loan or disclosure documents <u>on any of Plaintiffs' loans</u>; and the specific documents and loan terms CHL purportedly designed, drafted or approved <u>in connection with Plaintiffs' loans</u> and when. This conclusion is reinforced by Plaintiffs' allegations in the FAC and concession in the Opposition that it was First Magnus (not CHL) that was responsible for "insert[ing] the monthly payment amounts, teaser interest rates and principal amounts" (*FAC*, ¶ 37(f)) – the same terms upon which Plaintiffs predicate their omissions claims – in the Note and TILDS. *See FAC*, ¶¶ 67-79; *Opp.* at 7. It thus is implausible that CHL could have aided and abetted the disclosure of these loan terms where Plaintiffs have alleged that an entirely different entity, First Magnus, was responsible for those disclosures.

Finally, Plaintiffs' aiding and abetting allegations are defective because Plaintiffs do not plead factual allegations that CHL provided substantial assistance or encouragement to First Magnus to commit the alleged misconduct in connection <u>with their loans</u>. *First Alliance*, 471 F.3d at 986. Plaintiffs allege only that CHL (or a related entity) provided First Magnus standard warehouse financing and bought loans from First Magnus. *FAC*, ¶ 74; *Opp.* at 8 (arguing that CHL provided substantial assistance to First Magnus that allowed it to "originate" payment option loans, but not necessarily Plaintiffs' loans). But CHL's purported purchase of loans from First Magnus is not enough to establish that CHL provided substantial assistance to First Magnus to enable it to engage in any misconduct with respect to any of <u>Plaintiffs' loans</u>. Nor does CHL's alleged after-the-fact purchase of Plaintiffs' loans establish that CHL provided substantial assistance to First Magnus so that it could make any of Plaintiffs' loans in the first place. *First Alliance*, 471 F.3d at 995.[5]

---

[5] In this respect, Plaintiffs' attempt to distinguish *In re Software Toolworks, Inc. Securities Litig.*, No. C-90-2906 FMS, 1991 WL 319033 (N.D. Cal. June 17, 1991), is unavailing. That case confirms that the mere existence of a business relationship between two entities is not enough to

- 7 -

### D. PLAINTIFFS' PARTIAL AND/OR MISLEADING REPRESENTATION ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM AGAINST CHL.

As demonstrated in the Motion (at 10), Plaintiffs' allegations that CHL is somehow liable to Plaintiffs based on First Magnus's alleged partial and/or misleading representations in their loan documents are insufficiently pled. Plaintiffs do not respond to these arguments. *See Opp.* Accordingly, they should be deemed conceded and Plaintiffs' claims predicated on alleged partial and/or misleading representations dismissed. *Dismissal Order* at 22 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

## II. PLAINTIFFS' UCL CLAIMS (COUNT 2) MUST BE DISMISSED.

Beyond the pleadings defects discussed above, Plaintiffs' UCL claims must be dismissed for the additional, independent reason that the FAC fails to plead the requisite "unlawful, unfair or fraudulent business act or practice" necessary to sustain them. *Mot,* at 10-12. Plaintiffs' opposition arguments compel no different conclusion.

First, Plaintiffs have not pled a violation of a law to sustain a claim under the "unlawful" prong of the UCL. Plaintiffs' UCL "unlawfulness" claim predicated on conclusory allegations that CHL violated the California statutory provisions codifying fraud are insufficient to state a claim. *See* Section I, *supra*. And, Plaintiffs' contention that they have alleged violations of the Federal Trade Commission Act ("FTC Act") fails for the same reasons other courts have dismissed identical allegations – Plaintiffs fail to plead factual allegations sufficient to put CHL on notice of any such claims against it.[6] *See Love v. First Mortg. Corp.*, No. EDCV 08-0060 AG (CTx), slip op. at 7-8 (C.D. Cal. July 30, 2009). The FAC alleges that CHL violated Section 45, *et*

---

establish aiding and abetting. *Id.* at *3. Rather, there must be substantial assistance by the party sought to be held liable under an aiding and abetting theory with respect to the alleged purported misconduct of the alleged tortfeasor. *First Alliance*, 471 F.3d at 995. The alleged existence of a business relationship between CHL and First Magnus with respect to warehouse financing or purchases of correspondent loans – but not necessarily Plaintiffs' – is not, as a matter of law, sufficient to plead CHL's aiding and abetting of First Magnus's alleged loan origination misconduct.

[6] The FTC Act cannot serve as a predicate for a UCL unlawfulness claim for the independent reason that there is no private right of action under the FTC Act. *See Mot.* at 11 n.6. And, the cases upon which Plaintiffs rely (*American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031 (N.D. Cal. 2001) and *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394 (2006)), do not hold otherwise.

- 8 -

*seq.*, of the FTC Act, without specifying which section(s) CHL allegedly violated or how it committed such a violation. *FAC*, ¶ 92. This allegation thus provides no "factual content [that] allows the court to draw the reasonable inference that [CHL] is liable for the misconduct alleged." *Love*, *supra*, slip op. at 8. As such, Plaintiffs' conclusory allegations of CHL's purported violations of unspecified acts of the FTC Act are insufficient to state a UCL claim because they fail to put CHL on fair notice of the claim against it. *Dismissal Order* at 6.

Second, apart from failing to plead any factual allegations sufficient to state derivative claims against CHL predicated upon First Magnus's alleged conduct, Plaintiffs also fail to meet the heightened pleading requirements of Rule 9(b) for their UCL claims predicated on alleged fraudulent conduct. *See Kearns*, 567 F.3d at 1125. Plaintiffs wholly ignore this requirement, arguing instead that, to establish a UCL "fraudulent" claim, Plaintiffs merely need to show that the public is likely to be deceived. *Opp.* at 17-18. But this argument misses the point, because, as this Court previously found in dismissing Plaintiffs' UCL "fraudulent" claims as pled in the TAC, Plaintiffs "must allege the time, place, and/or specific content of any alleged false representations." *Dismissal Order* at 22.[7] Plaintiffs' failure to do so here is fatal to their UCL "fraudulent" claims, and this Court should not hesitate to dismiss them again.

Finally, Plaintiffs' UCL "unfairness" claims fail because they do not articulate any legislative policy that CHL violated. An alleged practice is "unfair" under the UCL if it offends public policy as that policy is expressed by a specific and identified constitutional, statutory or regulatory provision of state law. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *see also Van Slyke v. Capitol One Bank*, No. C 07-00671 WHA, 2007 WL 3343943, at *9 (N.D. Cal. Nov. 7, 2007). That is, a UCL claim that a defendant acted unfairly must be "tethered to some legislative policy." *Van Slyke*, 2007 WL 3343943, at *9. Here, Plaintiffs' generic and conclusory allegations that CHL's conduct was "unfair" because it provided CHL an "unfair competitive advantage" and "is contrary to the public policy expressed in the

---

[7] In the Opposition, Plaintiffs misstate CHL's particularity argument as asserting that Plaintiffs must plead the "individuals within CHL who were responsible for the fraudulent omissions." *Opp.* at 18-19. This is not correct. CHL's argument is that, to the extent predicated upon fraud, Plaintiffs' allegations of fraud, which include allegations of misrepresentations by First Magnus, must be pled with particularity.

1  UCL" are insufficient because they do not connect CHL's conduct to an independent, articulated

2  legislative policy. *See FAC*, ¶¶ 97-98.

3        The same result attends even if the Court applies either of the two alternative tests other

4  courts have considered: (1) the "balancing" test (which weighs the utility of CHL's conduct

5  against the alleged gravity of the harm to Plaintiffs) or (2) the "*Camacho*" test (which looks at

6  whether the harm is substantial, could not reasonably have been avoided and is not outweighed by

7  countervailing benefits).[8]  Under either test, Plaintiffs fail to state a UCL "unfairness" claim.

8  Although Plaintiffs assert in purely conclusory fashion that the requisite elements for each test are

9  satisfied (*see Opp.* at 22), the FAC fails to plead any facts to support such a conclusion. *FAC*, ¶¶

10 94-98.

11 **III.   THE TENORIOS CONCEDE THAT THEIR FRAUDULENT OMISSIONS CLAIM IS TIME-BARRED.**

12

13       As demonstrated in CHL's Motion (at 12), the Tenorios's fraudulent omissions claim is

14 time-barred. The Tenorios's fraudulent omissions claim arose no later than at the closing of their

15 mortgage loan transaction in June 2005. *FAC*, ¶ 7 and Ex. 5. The Tenorios did not file their

16 fraudulent omissions claim against CHL until November 17, 2008, which is outside the applicable

17 three-year limitations period. Cal. Civ. Proc. Code § 338(d). The Tenorios do not oppose CHL's

18 arguments, thus conceding the merit of CHL's argument.

///

19

20
///

21

22
///

23

24
///

25

26

---

27 [8] This Court referenced the *Camacho* test in its Dismissal Order because Plaintiffs argued in its opposition to the Countrywide Defendants' motion to dismiss the TAC that Plaintiffs satisfied its requirements. *Dismissal Order* at 22.

28

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in the Motion and the Dismissal Order, this Court should grant CHL's Motion to Dismiss the FAC with prejudice. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 393, 396-97 (9th Cir. 1993).

Respectfully submitted,

Dated: December 10, 2010   By:   /s/ Brooks R. Brown
Brooks R. Brown
*bbrown@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, CA 90067

Robert B. Bader
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111

Attorneys for Defendant
*Countrywide Home Loans, Inc.*

- 11 -

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT - Case No. C-07-04491 JW RS**

**PROOF OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 10, 2010.

/s/ Brooks R. Brown
Brooks R. Brown